No. 25-1197,

consolidated with Nos. 25-1180, 25-1187, 25-1195, 25-1196

# In the United States Court of Appeals for the District of Columbia Circuit

———————————————

HF SINCLAIR REFINING & MARKETING LLC AND
HF SINCLAIR PARCO REFINING LLC,

*Petitioners*,

v.

ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

———————————————

On Petition for Review of a Final Decision of the
Environmental Protection Agency, 90 Fed. Reg. 41,829 (Aug. 27, 2025)

———————————————

**MOTION TO SEVER, CONSOLIDATE, AND EXPEDITE**

———————————————

Lavi M. Ben Dor
M. Christian Talley
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

Allyson N. Ho
  *Counsel of Record*
Stephen J. Hammer
Robert W. Frey
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
(214) 698-3100
aho@gibsondunn.com

COUNSEL FOR HF SINCLAIR REFINING & MARKETING LLC AND
HF SINCLAIR PARCO REFINING LLC

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and D.C. Circuit Rule 27, Petitioners HF Sinclair Refining & Marketing LLC and HF Sinclair Parco Refining LLC move the Court to sever this petition from the consolidated cases, consolidate it with the petition filed by Alon Refining Krotz Springs, Inc. in Case No. 25-1187 presenting the same issue, and expedite briefing and consideration.

## INTRODUCTION

The Clean Air Act allows certain "small" refineries to obtain exemptions from their obligations under the Renewable Fuel Standard. 42 U.S.C. § 7545(o)(9)(B). This case raises the legal question of how to determine whether a refinery is small. The statute says a refinery's size is based on its production in "a calendar year." *Id.* § 7545(o)(1)(K). The Environmental Protection Agency says otherwise. It denied a request to exempt HF Sinclair Parco Refining LLC's (Parco) refinery from its Renewable Fuel Standard obligations for 2024. It did so not because Parco's production in 2024 was too large to qualify but because its production in

1

*2023* was.[1]  EPA's position is that "*a* calendar year" really means *two* calendar years—both the year of the requested exemption and the prior year.  The statute doesn't allow that result.

But expedited review is necessary if petitioners are to enjoy any meaningful remedy.  If the Court rules for petitioners and, on remand, EPA grants the requested exemption, the remedy will be EPA's return of the credits they use to satisfy Parco's Renewable Fuel Standard obligations for the 2024 compliance year.[2]  The cost of compliance for Parco's Renewable Fuel Standard obligations for the 2024 compliance year exceeds $50 million.  Ex. A ¶ 5.  2024 compliance-year credits, however, expire on March 31, 2026, at which point they can't be used to satisfy compliance obligations.  So petitioners must receive a swift ruling from

---

[1]  After EPA in August 2025 denied the request to grant Parco an exemption for the 2024 compliance year, petitioners filed with EPA a petition to exempt Parco for the 2023 compliance year and demonstrated that Parco's production in 2023 didn't exceed the threshold for eligibility for the small refinery exemption.  Ex. A (Decl. of Mike Remy) ¶ 4.  That petition, which is currently pending before EPA, isn't relevant for purposes of this motion.  *See* 42 U.S.C. § 7607(b)(1) ("The filing of a petition for reconsideration by the Administrator of any otherwise final rule or action shall not affect the finality or such rule or action for purposes of judicial review.").

[2]  The deadline to satisfy 2024 compliance-year obligations is December 1, 2025.  Ex. B at 20 n.108.

the Court if they are to have a chance to receive any remedy worth having.

One other petition is already before the Court raising the same issue and requesting severance and expedited consideration. *See Alon Refining Krotz Springs, Inc. v. EPA*, No. 25-1187. The Court should sever this case from the consolidated cases, consolidate it with the Alon Refining Krotz Springs petition presenting the same issue, and grant expedited consideration. EPA states that it reserves its position and right to file a response until it has seen this motion. Alon Refining Krotz Springs consents to this motion. REH Company does not oppose this motion. Calumet Montana Refining, LLC and Calumet Shreveport Refining, LLC take no position on this motion.

## BACKGROUND

### A.   The Renewable Fuel Standard and Small Refinery Exemptions

The Renewable Fuel Standard "requires most domestic [oil] refineries to blend a certain amount of ethanol and other renewable fuels into the transportation fuels they produce." *HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 385 (2021); *see* 42 U.S.C. § 7545(o)(2)(A). Congress set the annual required volumes of renewable

3

fuels up through 2022, 42 U.S.C. § 7545(o)(2)(B)(i), and tasked EPA with setting the volumes for subsequent years, *id.* § 7545(o)(2)(B)(ii); *see, e.g.*, 90 Fed. Reg. 25,784 (June 17, 2025) (proposing volumes and percentage standards for 2026 and 2027); 88 Fed. Reg. 44,468 (July 12, 2023) (setting levels for 2023 through 2025).

To implement these requirements, EPA set up "a market-based program" through which parties can purchase and trade renewable fuel credits, called "Renewable Identification Numbers" or "RINs." *Wynnewood Refin. Co. v. EPA*, 77 F.4th 767, 774 (D.C. Cir. 2023); *see* 42 U.S.C. § 7545(o)(5). RINs are generated when renewable fuel is produced or imported. 40 C.F.R. § 80.1426(a). "When the renewable fuel is blended with conventional transportation fuel (*e.g.*, gasoline or diesel), the RINs are 'separated' from their assigned batch" of renewable fuel and become usable. *Sinclair Wyo. Refin. Co. LLC v. EPA*, 114 F.4th 693, 701 (D.C. Cir. 2024) (citation omitted); *see* 40 C.F.R. §§ 80.1426(e), 80.1429(b).

A refinery must "retire" enough RINs (*i.e.*, submit them to EPA) to meet its obligations under the program. 40 C.F.R. § 80.1427(a)(1). It can obtain the necessary RINs by either blending renewable fuels itself or purchasing RINs from others. *Wynnewood Refin. Co.*, 77 F.4th at 774.

4

In this way, RINs "serve as the currency of the [Renewable Fuel Standard] Program," because refineries often rely on purchased RINs to help satisfy their obligations. *Id.*

A RIN lasts for a limited duration. It remains "valid to show compliance" only for "12 months" after it is generated. 42 U.S.C. § 7545(o)(5)(C). EPA regulations permit using a RIN to establish compliance in the calendar year in which it was generated or the following calendar year; after that point, the RIN becomes "invalid." 40 C.F.R. §§ 80.1427(a)(6), 80.1428(c).

"[C]oncerned" that the Renewable Fuel Standard's "escalating . . . obligations could work special burdens on small refineries," Congress established a scheme to exempt those refineries from those obligations. *HollyFrontier*, 594 U.S. at 386–87. A refinery can petition EPA "at any time" for an exemption from the Renewable Fuel Standard "for the reason of disproportionate economic hardship." 42 U.S.C. § 7545(o)(9)(B)(i).

A "small refinery" eligible for this exemption is one "for which the average aggregate daily crude oil throughput for a calendar year . . . does not exceed 75,000 barrels." 42 U.S.C. § 7545(o)(1)(K). The statute con-

5

templates that the refinery prove eligibility for "a" calendar year.  None-theless, EPA requires *both* that a refinery produce (on average) fewer than 75,000 barrels a day "for the most recent full calendar year prior to seeking an extension" of its small refinery exemption *and* that the refinery "be projected to" fall below the 75,000 barrels-a-day threshold "for the year or years for which an exemption is sought."  40 C.F.R. § 80.1441(e)(2)(iii).

Although EPA is required by statute to decide exemption petitions "not later than 90 days after . . . receipt," 42 U.S.C. § 7545(o)(9)(B)(iii), it has long struggled to comply with that deadline.  A 2022 Government Accountability Office report found that EPA missed its deadline 89% of the time between 2013 and 2021.  *See* Gov't Accountability Off., *Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program* 20 (Nov. 3, 2022), bit.ly/4mFSc3L (GAO Report).  EPA often issues decisions "very close to, or after," the deadline for refineries to comply with the Renewable Fuel Standard.  *Id.* at 23–24.

6

EPA's delays create significant "financial uncertainty" for small refineries and drive up "compliance costs." GAO Report at 24. Some refineries deal with that uncertainty by "operat[ing] as though they will be subject to the annual requirements" and purchasing RINs to fulfill their obligations. *Id.* But if they later receive exemptions and seek to sell their RINs, the increased supply of RINs "tends to drive RIN prices down, forcing [them] to sell at a loss." *Id.* Other refineries "operat[e] as though they will obtain an exemption and not need RINs," but that has its own risks: If these refineries do not receive exemptions, they must quickly purchase RINs, generating "a sudden increase in the market demand for RINs" that "driv[es] up RIN prices." *Id.*

## B.   EPA's August 2025 Decisions

On August 22, 2025, EPA announced its decisions on 175 small refinery exemption requests. Ex. B at 1. As relevant here, EPA denied HF Sinclair Refining & Marketing LLC's 2025 petition for an exemption for the HF Sinclair Parco Refining LLC refinery for the 2024 compliance year. Ex. C at 1, 9. Although the requested exemption was for 2024, EPA

7

deemed the refinery ineligible for the exemption because the refinery "exceeded the 75,000 [barrels per day] throughput limit in *2023*."  Ex. B at 7 (emphasis added); *see also* Ex. C at 1, 9.

EPA justified that determination by invoking 40 C.F.R. § 80.1441(e)(2)(iii), its regulation requiring that a refinery both fall below the threshold in the year before the exemption is sought and be projected to stay below the threshold in the year for which the exemption is sought. Ex. B at 7–8.  EPA deemed only two refineries ineligible for exemption on this basis.  *Id.*  The other was the Krotz Springs refinery, which has petitioned for review of EPA's decision in this Court and moved for expedited consideration.  *See* No. 25-1187, Doc. #2137090 (Sept. 25, 2025).

Separately, EPA decided that it would "implement the exemptions" granted to other refineries by "return[ing] the corresponding RINs retired by those small refineries for each compliance year."  Ex. B at 20. Some 2024 RINs can be used toward 2025 compliance obligations, *see* 40 C.F.R. § 80.1428(c)—but only before March 31, 2026, *see id.* § 80.1451(f)(1)(i)(A)(i).  So if Parco can't obtain an exemption in time to receive and use its 2024 RINs by that date, the RINs will become "invalid." *Id.* § 80.1428(c).

8

HF Sinclair Parco Refining LLC and HF Sinclair Refining & Marketing LLC filed their petition for review on September 30, 2025.

## ARGUMENT

## I.    The Court should expedite briefing.

Expedited consideration is warranted when "delay will cause irreparable injury" and "the decision under review is subject to substantial challenge."  D.C. Cir. Handbook of Practice & Internal Procedures 34 (2021); *see also* 28 U.S.C. § 1657(a).  Both factors support expedition here.

### A.    Petitioners will suffer irreparable injury absent expedited review.

The clock is ticking for petitioners to obtain any meaningful relief. If the Court ultimately concludes that Parco was eligible to apply for a small refinery exemption and EPA grants that exemption on remand, Parco will receive a refund of some or all the RINs it retires to satisfy its 2024 compliance obligations.  But 2024 RINs will expire on March 31, 2026.  Expedited review is necessary to avoid that irreparable injury by giving EPA time to carry out any proceedings on remand before the expiration deadline.

EPA currently implements small refinery exemptions by returning successful applicants' RINs for the exempted year.  Ex. B at 20.  As EPA's

9

order explains, EPA's approach when an exempt refinery has already re-tired RINs to satisfy a past year's obligations is to "return the correspond-ing RINs retired by th[at] small refiner[y] for each compliance year." *Id.* The returned RINs are then "available for trading or compliance with open . . . RFS obligations." *Id.* So if Parco were to ultimately receive an exemption from its 2024 compliance obligations, its remedy under EPA's current practice would be to get back the RINs Parco retires to satisfy those obligations.

But there is only a small and rapidly closing window for that rem-edy to have any real value. With one exception not relevant here, "a RIN is valid for compliance during the calendar year in which it was gener-ated, or the following calendar year." 40 C.F.R. § 80.1428(c). If not used for one of those years, a RIN becomes "expired" and "cannot be used for compliance purposes." *Id.* So Parco's 2024 RINs can be used only for 2024 or 2025 compliance obligations. The last day 2024 RINs can be used for 2025 obligations is March 31, 2026. *Id.* § 80.1451(f)(1)(A)(1).

The upshot is that this Court's decision must come in time for the EPA to conduct its exemption analysis on remand and for Parco to receive any 2024 RINs to which it is entitled before the March 31 expiration date.

10

Otherwise, a favorable decision here will be a hollow victory. EPA "acknowledge[d]" in its order "that the value of the RINs returned to exempted refineries will depend to a significant degree on whether they are 'expired' or 'unexpired.'" Ex. B at 20. Indeed, it "expect[ed] very few small refineries, if any, will have a compliance use" for expired RINs. *Id.*

Expediting this case is the only way to prevent irreparable injury if Parco is entitled to an exemption from its 2024 compliance obligations. A normal timeline will not provide an opportunity for Parco to use or trade its returned 2024 RINs before they expire. Receiving a remedy of expired RINs would be no remedy at all. And such a "remedy" would be inconsistent with Congress's determination that certain small refineries should receive an "exemption" from their obligations to prevent "disproportionate economic hardship." *See* 42 U.S.C. § 7545(o)(9)(B).

To avoid this irreparable injury, petitioners respectfully request that the Court expedite briefing and argument and render a decision far enough before the March 31 expiration date for EPA to be able to timely decide the exemption request on remand. *See* 42 U.S.C. § 7545(o)(9)(B)(iii) (requiring EPA to adjudicate exemption requests "within 90 days").

11

**B.    EPA's ineligibility determination is subject to substantial challenge.**

EPA's conclusion that a refinery doesn't qualify as a small refinery unless it falls below the throughput cutoff "for two consecutive years" is irreconcilable with the text of the Clean Air Act and Supreme Court precedent. Ex. B at 8. At minimum, it is subject to substantial challenge.

The Clean Air Act defines a "small refinery" as a "refinery for which the average aggregate daily crude oil throughput for *a* calendar year . . . does not exceed 75,000 barrels." 42 U.S.C. § 7545(o)(1)(K) (emphasis added). The Act uses the singular—"a calendar year"—because it means one year, not two. Typically, "Congress's decision to use the indefinite article 'a'" means it intends to refer to a "single" thing. *Niz-Chavez v. Garland*, 593 U.S. 155, 163 (2021). This provision is no exception.

Statutory context and Supreme Court precedent confirm that the Act means what it says. To start, "if Congress wanted to" create a multi-year requirement, it "knew how to do so." *Pugin v. Garland*, 599 U.S. 600, 608 (2023). Elsewhere in Section 7545, Congress directed EPA to take certain actions if it modified the renewable fuel volume require-

12

ments "for 2 consecutive years." 42 U.S.C. § 7545(o)(7)(F)(i). But "Congress included no such" multi-year requirement here, foreclosing EPA's interpretation. *Pugin*, 599 U.S. at 608.

Other textual evidence in Section 7545 also contradicts EPA's multi-year interpretation. Subparagraph (o)(5)(D) allows refineries to "carry forward" fuel volumes that they fail to satisfy in a given year so long as they satisfy the deficit "in the calendar year following the year in which the renewable fuel deficit is created." *Id.* § 7545(o)(5)(D). So Congress also knew how to connect an obligation in one year with an obligation in a "following year." It would not have done so implicitly in tying the definition of a small refiner to "a calendar year."

EPA's interpretation also contradicts the Supreme Court's. In *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, the Court examined Section 7545(o)(1)(K) and offered an example that depended on giving "a calendar year" its plain, one-year meaning. 594 U.S. 382, 393 (2021). The Court hypothesized a small refinery that received an exemption in 2008 and 2009 and then lost its small refinery status in 2010 "because of an increase in production." *Id.* The Court explained that if production fell again "[o]ne year later," the refinery would "move[]

13

back into small refinery status *for 2011*" and be entitled to an exemption. *Id.* (emphasis added).

So the Court understood a refinery's eligibility to turn on its production in *one* calendar year, remaining eligible for an exemption even if the refinery exceeded the cutoff in the previous calendar year. *HollyFrontier* strongly suggests that EPA was wrong to deny Parco's 2024 exemption due to excess production in 2023. *See* Ex. C at 9.

EPA will likely try to avoid the glaring textual problems with its interpretation by relying on its regulation and arguing that any challenge to that regulation (which was adopted in 2014) is now untimely under the Clean Air Act's 60-day deadline to challenge agency action. *See* Ex. B at 8; 42 U.S.C. § 7607(b)(1). But that argument fails twice over because this petition isn't a challenge to that regulation and, even if it were, it would fall comfortably within a statutory exception to the usual deadline.

To begin, this petition doesn't challenge the 2014 regulation—it challenges EPA's August 2025 denial of Parco's 2024 exemption petition based on purported ineligibility. That denial is the "final action" for which the Act expressly authorizes judicial review, and this petition is

14

timely because it was filed well within 60 days of the publication of notice of that action in the Federal Register.  42 U.S.C. § 7607(b)(1).

EPA's August 2025 decision may involve the application of the 2014 regulation, but that doesn't transform a timely challenge to the August 2025 decision into an untimely challenge to the 2014 regulation.  If that were right, petitioners would be barred from judicial review entirely because the 2014 regulation was the only ground EPA invoked for denying the exemption.  That can't be correct given that Section 7607(b)(1) expressly provides for judicial review of the August 2025 denial.

Nor does this petition qualify as an "enforcement" proceeding in which judicial review is unavailable for EPA actions that could have been subject to pre-enforcement review.  *See* 42 U.S.C. § 7607(b)(2).  The Act authorizes enforcement actions in two distinct provisions:  Under Section 7413(b), EPA may bring suit to recover penalties for certain violations, and under Section 7604(a) "any person" may file suit "to enforce" certain emissions standards.  Neither applies here.  Parco is a petitioner, not a defendant accused of a violation.

Far from being insulated by the 2014 regulation, EPA's denial of Parco's 2024 exemption request actually violates that regulation.  Parco's

exemption request complied with the plain text of 40 C.F.R. § 80.1441(e)(2)(iii), which requires a refinery to qualify as small "for the most recent full calendar year prior to seeking an extension" of its small refinery exemption and to be "projected" to qualify "for the year or years for which an exemption is sought." Parco filed its exemption request in 2025, *see* Ex. C at 1, so both the year for which it sought an exemption and "the most recent full calendar year *prior to seeking an extension*" were 2024—when Parco's production fell under the small-refinery cutoff. So EPA's 2014 regulation provides no cover for its decision.

Even if this petition is (incorrectly) construed as a challenge to the 2014 regulation, it remains timely because Section 7607(b)(1) creates an exception to the deadline for petitions for review "based solely on grounds arising" after the deadline has passed. Those grounds include a "subsequent factual or legal development creat[ing] new legal consequences" for petitioners. *Am. Lung Ass'n v. EPA*, 985 F.3d 914, 973 (D.C. Cir. 2021) (citation omitted), *rev'd and remanded on other grounds sub nom. West Virginia v. EPA*, 597 U.S. 697 (2022).

There are both new factual and legal developments here. On the facts, Parco's production never exceeded the 75,000-barrel cutoff between

16

2014 and 2022. Ex. A ¶ 2. So EPA's multi-year requirement made no difference to Parco before its 2024 exemption request, and any challenge to the rule by Parco before that time would have been unripe because any injury would have been speculative. *See Chlorine Inst., Inc. v. Fed. R.R. Admin.*, 718 F.3d 922, 928 (D.C. Cir. 2013) (holding claim "not ripe" where injury was "at most . . . speculative"). This Court has "assured petitioners with unripe claims [under § 7607(b)(1)] that 'they will not be foreclosed from judicial review when the appropriate time comes.'" *Coal. for Responsible Regul., Inc. v. EPA.*, 684 F.3d 102, 131 (D.C. Cir. 2012) (citation omitted), *rev'd in part on other grounds sub nom. Util. Air Regul. Grp. v. EPA*, 573 U.S. 302 (2014).

On the law, EPA's denial of the 2024 exemption request was the result of an uncertain and contested reading of the regulation. The EPA Administrator has previously interpreted the regulation as looking to a refinery's production "during the desired exemption period and the year *immediately preceding the petition*"—as the regulation's plain text requires. Letter from Andrew Wheeler, Administrator, to Small Refineries at 2 (Sept. 14, 2020), bit.ly/4nEZYwf. As explained, Parco's 2024 exemption request satisfied that standard, *see* p. 16, *supra*, and Parco submitted

17

a letter to EPA explaining why it would be improper to interpret the regulation to encompass 2023 data, *see* Ex. B at 7–8.  So EPA's application of the two-year rule to Parco's 2024 exemption request—despite the regulation's plain language, EPA's own previous interpretation, and Parco's letter—was a legal development that restarted the clock to challenge the 2014 regulation.  *See Honeywell Int'l, Inc. v. EPA*, 705 F.3d 470, 473 (D.C. Cir. 2013)..

## II.    The Court should sever this petition from the consolidated cases and consolidate it with only Krotz Springs' petition.

Consolidation is warranted for actions "involving essentially the same parties or the same, similar, or related issues."  D.C. Cir. Handbook of Practice & Internal Procedures 24.  Consolidating related actions helps "achieve the most efficient use of the Court's resources" and "maintain consistency in its decisions."  *Id.*

Here, EPA denied only two refineries' exemption requests because the refineries purportedly exceeded the cutoff to qualify as "small": Parco's and Alon Refining Krotz Springs' exemption requests for the 2024 compliance year.  Ex. B at 7; *see* No. 25-1187, Doc. #2137090 (Sept. 25, 2025).  Krotz Springs has already filed a petition for review, *see* No. 25-1187, which the Court has consolidated with other petitions arising out

18

of EPA's August 2025 actions, *see REH Co. v. EPA*, No. 25-1180; *Calumet Shreveport Refin., LLC v. EPA*, No. 25-1195; *Calumet Mont. Refin., LLC v. EPA*, No. 25-1196.

Krotz Springs moved for the Court to sever its petition and expedite briefing.  *See* No. 25-1187, Doc. #2137090 (Sept. 25, 2025).[3]  And after petitioners filed their petition for review, the Court also consolidated it with the other petitions arising out of EPA's August 2025 actions.  *See* No. 25-1197, Doc. #2138040 (Oct. 1, 2025).

The Court should sever this petition from the consolidated cases and consolidate it with Krotz Springs's petition.  Parco and Krotz Springs both ask the Court to decide the same purely legal question—the meaning of "a calendar year" in the Clean Air Act's definition of a "small refinery."  42 U.S.C. § 7545(o)(1)(K).  Because these petitions "present the same issue," they can and should be resolved jointly.  *Wells Fargo Bank, N.A. v. FDIC*, 367 F.3d 953, 956 (D.C. Cir. 2004).

Severing this petition from others that have or will be filed challenging EPA's August 2025 actions and consolidating it with the Krotz

---

[3] The Court need not wait for petitioners' motion to be fully briefed before resolving Krotz Springs' earlier-filed motion.

Springs petition is also warranted because of the unique need for expedition here. Those challenges will raise separate issues, some of which may involve refinery-specific facts. The Parco and Krotz Springs petitions both present a pure question of law that a panel can resolve with minimal duplication of the work entailed in deciding the other petitions.

## CONCLUSION

The Court should sever this petition from the consolidated cases, consolidate it with Krotz Springs' petition in Case No. 25-1187, and grant expedited briefing on a schedule that permits a decision by EPA on remand prior to March 31, 2026. Petitioners ask that the Court adopt the following briefing and argument schedule, which Krotz Springs has also proposed:

Petitioners' Brief and Joint Appendix – October 31, 2025

Respondent's Answering Brief – November 26, 2025

Respondent-Intervenors' Brief (if any) – December 8, 2025

Petitioners' Reply Brief – December 19, 2025

Oral Argument – January/February 2026

20

October 7, 2025                    Respectfully submitted,

                                   _/s/ Allyson N. Ho_
                                   Allyson N. Ho
                                     *Counsel of Record*
                                   Stephen J. Hammer
                                   Robert W. Frey
                                   GIBSON, DUNN & CRUTCHER LLP
                                   2001 Ross Avenue, Suite 2100
                                   Dallas, Texas  75201
                                   (214) 698-3100
                                   aho@gibsondunn.com

                                   Lavi M. Ben Dor
                                   M. Christian Talley
                                   Gibson, Dunn & Crutcher LLP
                                   1700 M Street, N.W.
                                   Washington, D.C.  20036
                                   (202) 955-8500

                                   *Counsel for HF Sinclair Refining*
                                   *& Marketing LLC and*
                                   *HF Sinclair Parco Refining LLC*

21

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this motion complies with the applicable typeface, type style, and type-volume limitations. This motion was prepared using a proportionally spaced type (New Century Schoolbook, 14 point). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1), this motion contains 3,959 words. This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this motion.

October 7, 2025                    Respectfully submitted,

                                   _ /s/ Allyson N. Ho_____
                                   Allyson N. Ho
                                   Gibson, Dunn & Crutcher LLP
                                   2001 Ross Avenue, Suite 2100
                                   Dallas, Texas  75201
                                   (214) 698-3100
                                   aho@gibsondunn.com

22

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7, 2025, I electronically filed the foregoing motion with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

October 7, 2025

Respectfully submitted,

*/s/ Allyson N. Ho*
Allyson N. Ho
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
(214) 698-3100
aho@gibsondunn.com

23

**ADDENDUM**

**PROVISIONAL CERTIFICATE AS TO PARTIES,
RULINGS, AND RELATED CASES**

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1), Petitioners HF Sinclair Refining & Marketing LLC and HF Sinclair Parco Refining LLC certify as follows:

### A.    Parties and *Amici*

This case involves a petition for review filed directly in this Court. Accordingly, there were no parties, *amici*, or intervenors below within the meaning of D.C. Circuit Rule 28(a)(1)(A).  In this Court, petitioners are HF Sinclair Refining & Marketing LLC and HF Sinclair Parco Refining LLC, and respondent is the U.S. Environmental Protection Agency.

Growth Energy has moved to intervene in support of EPA in *REH Company, LLC v. EPA* and all present and future consolidated actions challenging EPA's August 22, 2025 adjudications of small refinery exemption applications.  *See* No. 25-1180, Doc. #2137689 (Sept. 29, 2025). Counsel is not aware at this time of any other party seeking to participate as an intervenor or *amicus curiae*.

24

**B.    Rulings Under Review**

The ruling under review is EPA's final action titled "August 2025 Decisions on Petitions for RFS Small Refinery Exemptions," EPA-420-R-25-010, issued on August 22, 2025, denying HF Sinclair Refining & Marketing LLC's petition for an exemption from the compliance obligations under the Clean Air Act's Renewable Fuel Standard for the HF Sinclair Parco Refining LLC refinery for the 2024 compliance year.  EPA published notice of its decision in the Federal Register on August 27, 2025. *See* 90 Fed. Reg. 41,829 (Aug. 27, 2025).

**C.    Related Cases**

*Alon Refining Krotz Springs v. EPA*, No. 25-1187 (D.C. Cir.), involves a challenge to EPA's August 22, 2025 denial of a different refinery's request for exemption from its 2024 compliance obligations under the Renewable Fuel Standard.  EPA denied that request on the same ground that it denied the exemption request at issue in this case.

*REH Company, LLC v. EPA*, No. 25-1180 (D.C. Cir.); *Calumet Shreveport Refining, LLC v. EPA*, No. 25-1195 (D.C. Cir.); and *Calumet Montana Refining, LLC v. EPA*, No. 25-1196 (D.C. Cir.), all involve challenges to EPA's August 22, 2025 decisions—on different grounds than

25

those at issue here—on small refineries' petitions for exemptions from their Renewable Fuel Standard compliance obligations.

REH Company, LLC has also moved to consolidate its action with two others it previously filed challenging a prior EPA adjudication of a small refinery exemption application: *REH Company, LLC v. EPA*, No. 24-1310 (D.C. Cir.); and *REH Company, LLC v. EPA*, No. 24-1311 (D.C. Cir.).

At this time, counsel is unaware of any other related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

October 7, 2025                                Respectfully submitted,

                                             /s/ *Allyson N. Ho*
                                            Allyson N. Ho
                                            Gibson, Dunn & Crutcher LLP
                                            2001 Ross Avenue, Suite 2100
                                            Dallas, Texas  75201
                                            (214) 698-3100
                                            aho@gibsondunn.com

26