IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Alon Refining Krotz Springs, Inc.<br><br>*Petitioner*,<br><br>v.<br><br>U.S. Environmental Protection Agency,<br><br>*Respondent.* | Case Nos. 25-1187 (lead) and 25-1197 |

**RESPONDENT'S STATUS REPORT**

Pursuant to the Court's December 8, 2025, Order, the Respondent U.S. Environmental Protection Agency ("EPA") here by submits the following status report detailing EPA's progress toward finalizing and promulgating the 2026 renewable fuel standards that will determine the expiration date for the 2024 Renewable Identification Numbers (RINs) at issue in these consolidated cases, as well as an estimated time frame for issuing those standards.

1. EPA is currently working to finalize the renewable fuel standards for the 2026 and 2027 compliance years. Ex. 1 ¶¶ 13-30. On July 8, 2025, EPA proposed applicable volumes and percentage standards for 2026 and 2027, 90 Fed. Reg. 25784, and on September 18, 2025,

EPA published a supplemental proposal which adjusted the volumes and percentage standards to account for the August 2025 Small Refinery Exemption decisions, 90 Fed. Reg. 45007.  The public comment period for the Set 2 proposal and the Set 2 supplemental proposal have closed.  Ex. 1 ¶ 16.  EPA received over 2,000 comments in response to both proposals.  Ex. 1 ¶¶ 14, 16.

2. EPA is evaluating the thousands of comments submitted by stakeholders in response to the Set 2 proposal and Set 2 supplemental proposal to consider and respond to those comments.  Ex. 1 ¶ 18.  EPA is actively working on responding to comments, coordinating with other federal agencies, and resolving technical issues associated with the final rulemaking.  Ex. 1 ¶ 19.  This rulemaking requires the resolution of complex issues involving the volumes of renewable fuel required for 2026 and 2027 and an analysis of those volumes in a Regulatory Impact Analysis. Ex. 1 ¶ 25.

3. Prior to finalization of the rule, EPA staff must develop options for agency decisionmakers, present those options, and receive direction for the final rulemaking. Ex. 1 ¶ 26.  EPA then must implement such decisions and draft the final rule preamble, Regulatory Impact

Analysis and responses to comments consistent with that direction. *Id*. The drafted language must undergo review and revision prior to being finalized for transmittal to the White House Office of Management and Budget (OMB) for review and dissemination to other federal agencies for inter-agency review. *Id*. During the OMB review process, EPA continues to work with other federal agencies on the rulemaking prior to finalization. *Id*. At this time, EPA has not yet submitted the rule to OMB for interagency review. Ex. 1 ¶ 29. The timeframe of this review is not controlled by EPA.

    4.    EPA is coordinating with USDA and DOE on its determination of the volume requirements consistent with the requirements of the Clean Air Act. Ex. 1 ¶ 27. EPA also must consult with FWS and NMFS on its Endangered Species Act obligations. *Id*. These statutorily mandated consultations also involve timing outside of the control of EPA.

    5.    Given all that is required as described in the paragraphs above, EPA still anticipates finalizing the Set 2 rule in the first quarter of 2026; however, if the rule is not completed before January 31, 2026,

the 2025 compliance deadline will not be March 31, 2026, and would be June 1, 2026. Ex. 1 ¶ 30.[1]

Dated: December 15, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT STANDER
Deputy Assistant Attorney General

*/s/ Redding Cofer Cates*
REDDING COFER CATES
ALEXANDER M. PURPURO
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
(202) 353-5561 (Cates)
(202) 353-5230 (Purpuro)
redding.cates@usdoj.gov
alexander.purpuro@usdoj.gov

*Counsel for Respondent EPA*

---

[1] An October 16 declaration filed in this case indicated that finalization of the Set 2 rule after January 31, 2026, would result in a compliance deadline of June 30, 2026. This was an error – per EPA's regulations at 40 CFR 80.1451(f)(1) and (2), the next compliance deadline would be June 1.

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 568 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Redding Cofer Cates*
Redding Cofer Cates

*Counsel for Respondent EPA*